■ CHESTER ZIEMBICKI, Respondent, v. MOTT IMPROVEMENT CORP., Appellant.— In an action to recover damages for personal injury resulting from the defendant's alleged negligent maintenance of its multiple dwelling, the defendant, a domestic corporation, appeals from an order of the Supreme Court, Queens County, entered January 10, 1961 upon the opinion and decision of an Official Referee after a hearing, which denied its motion to vacate the service of the summons made on January 29, 1960. Order reversed, with $10 costs and disbursements; motion granted; and service of the summons vacated, without costs. In our opinion, the testimony adduced failed to justify the conclusion that the defendant's superintendent, upon whom the summons was served, was a "managing agent" within the contemplation of the statute (Civ. Prac. Act, § 228, subd. 8). The proof merely established that the superintendent received complaints and inquiries at his apartment in the subject premises; showed vacant apartments to prospective tenants; maintained the premises; and made minor repairs. Such proof was insufficient to establish that he bears "such a responsible and representative relation to the corporation as to lead to a just presumption that notice to him is notice to the corporation" (19 Carmody-Wait, New York Practice, § 4, p. 16). In our view, the fact that the superintendent, or his wife, ultimately turned over the summons either to the person who was his superior and who functioned as the actual managing agent of the owner corporation, or to a director of the corporation, did not serve to validate the prior ineffectual service of process upon such superintendent (*Clark* v. *Fifty Seventh Madison Corp.,* 13 A D 2d 693). Ughetta, Hill and Rabin, JJ., concur; Beldock, P. J., and Brennan, J., dissent and vote to affirm the order, with the following memorandum: In our opinion, this plaintiff should not — two years after the service of the summons — be out of court merely because a month before the service was effected on January 29, 1960 the building was sold to a new owner and a "managing agent" was appointed. Although the superintendent (Anderson) had not collected rents since January 1, 1960, he still continued to maintain the building and to receive complaints. Moreover, the nameplate on his mailbox displayed the name of the defendant corporation. Insofar as the tenants were concerned, they continued to deal with Anderson as the owner's

representative. In our view these factors are sufficient to constitute Anderson a "managing agent" for the purpose of effecting service of process on the owner.